IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03239-KLM

L.K.L.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,[2]

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[3] on review of the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income Benefits ("SSI"). The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

---

    [1] Plaintiff is identified by initials only pursuant to D.C.COLO.LAPR 5.2(b).

    [2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Mr. Kijakazi is therefore substituted for Andrew Saul as the Defendant in this suit pursuant to Fed. R. Civ. P. 25(d). No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [3] The parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. See [#15].

The Court has reviewed Plaintiff's Opening Brief [#22][4]; Defendant's Response Brief [#25] ("Response"), Plaintiff's Reply Brief [#26] ("Reply"), the Social Security Administrative Record [#15] ("AR"), and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and **REMANDED** for further fact finding.

## I.  Factual Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act in September 2018.  Plaintiff alleged disability beginning on October 30, 2014 due to seizures, arthritis, high blood pressure, depression, back issues (herniated/bulging discs), bilateral ankle issues, balance issues/vertigo, brain cyst placing pressure on the optic nerve, neck issues, menopause, restless leg syndrome, and migraines.  AR at 72-75, 88-89.

Plaintiff's claim was denied initially on July 12, 2016.  AR 72-73.  After a hearing on July 17, 2018 (*id*. 47-63), ALJ William Musseman issued an unfavorable decision dated October 31, 2018. *Id*. 105-14.  By Order dated July 18, 2019, the Appeals Counsel granted review and remanded the matter for further proceedings. *Id*. 121-23.  On February 12, 2020, the ALJ held a second hearing. *Id*. 33-45.  The ALJ issued a second unfavorable decision dated March 4, 2020, *id*. 13-24, which decision is currently before the Court.

The ALJ followed the five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 416.920(a)(4).  The ALJ found at step one of the sequential evaluation that

---

[4]  "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

Plaintiff met the insured status requirements through December 31, 2019 and has not engaged in substantial gainful activity since October 14, 2014, the alleged onset date. AR 16. At step two, the ALJ found that Plaintiff has the following severe impairments: "seizure disorder, obesity, chondromalacia of the left knee, and degenerative disc disease ("DDD") of the spine." *Id.* at 16-17. At step three, the ALJ found that none of these impairments alone or in combination met or medically equaled a listed impairment. *Id*. at 17-18.

The ALJ then turned to Plaintiff's residual functional capacity ("RFC"). The ALJ found that Plaintiff has the RFC to perform light work but with limitations to occasionally bending, squatting, and kneeling, no climbing of ladders, ropes, or scaffolds, and no work around hazards or moving machinery. AR 18-22. The ALJ determined at step four that Plaintiff cannot perform her past work as a school bus driver and home healthcare aid. *Id*. 22. At step five, considering Plaintiff's RFC, age (47 years old on the alleged onset date and 52 years old on the date of the second decision), and education (high school), the ALJ found based on testimony from a vocational expert that Plaintiff could perform other work that exists in significant numbers in the national economy. This included such jobs as housekeeper/cleaner, self-service store attendant, and cafeteria attendant. *Id*. 22-23.

The Appeals Council denied Plaintiff's request for review on August 31, 2020 (AR 1-5), making the ALJ's second decision the final agency decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210(a) (2019). This appeal followed, and the Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  Standard of Review

Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "Evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

A court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. However, it "may not reweigh the evidence

nor substitute [its] judgment" for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III.  Analysis

Plaintiff argues that the ALJ erred in evaluating the available evidence and the ALJ failed to support his analysis of Plaintiff's subjective reports with substantial evidence. *Opening Brief* [#22] at 16-23.  The Commissioner responds that Plaintiff does not meaningfully dispute that substantial evidence supported the ALJ's decision that Plaintiff was not disabled, and that the Court should affirm the ALJ's decision because it is free of harmful legal error. *Response* [#25] at 1.  The Court now turns to those issues.

### A.     Whether the ALJ Erred in Evaluating the Evidence

Plaintiff argues that the ALJ rejected the three professional opinions and interpreted the clinical evidence in a contrary manner in a case where a common sense decision by a layman was not feasible.  In other words, it is argued that the ALJ improperly substituted his lay opinion for that of a medical professional. *Opening Brief* [#22] at 18-19.

As Plaintiff highlights, the three professional opinions all suggested that Plaintiff was limited to sedentary work at most. *See Opening Brief* [#22] at 21.  Thus, Sterling Moore, M.D. reviewed the record at the request of the Agency.  AR 83.  Dr. Moore issued an opinion on July 6, 2016, limiting Plaintiff to standing/walking four hours in an eight-hour workday, occasionally lifting/carrying 20 pounds, and frequently lifting carrying 10 pounds. *Id*. 82.  The opinion also found postural and hazard limitations. *Id*. at 82-83.

Brittany Aliberti ANP-C completed a Physical Assessment form on March 7, 2018. AR 1038-39.  NP Aliberti cited diagnoses of lumbar spinal stenosis, left knee arthritis, and chondromalacia. *Id*. 1038.  She opined that Plaintiff could lift/carry 10 or 20 pounds

occasionally, less than 10 pounds frequently.  *Id*.  NP Aliberti further opined that Plaintiff could sit for one hour and stand/walk for one hour.  *Id.*  In addition, she found that Plaintiff could handle objects for only 25-50% of a workday bilaterally, finger (fine manipulation) objects for only 50% of a workday bilaterally, and reach for only 25-50% of a workday bilaterally.  *Id*.  Finally, NP Aliberti opined that Plaintiff would be absent three or four times a month due to impairments or treatments.  *Id*. 1039.

Fran Gorman, ANP-C completed a Physical Assessment form on January 22, 2020. AR 1935-36.  NP Gorman opined that Plaintiff could sit for one hour, stand/walk for less than one hour, and would need a 15 to 30 minute break every 1-2 hours.  *Id*. 1935.  NP Gorman further opined to manipulative limitations worse on the right (Right: no handling or fingering, only reaching for 10% of the workday; Left: handling for 10% of the workday and fingering and reaching for only 205 of the workday).  *Id*.  Finally, NP Gorman found that Plaintiff could not lift and carry, and that she would be absent three or four times a month due to impairments or treatments.  *Id*. 1935-36.

The ALJ rejected the findings of the above professionals in making his RFC assessment, giving them little to no weight.  AR 21-22.  Instead, the ALJ relied on findings in the medical record such as normal gait and full range of motion as well as his interpretation of the MRIs and other diagnostic imaging in the case.  *Id*. at 19-20.  The Court agrees with Plaintiff that the ALJ did not properly weigh the opinions and improperly substituted his judgment for that of the medical professionals.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (stating that an ALJ may not make speculative inferences from medical reports and may reject a medical opinion only on "the basis of contradictory medical evidence and *not due to his or her own credibility judgments,*

6

*speculation or lay opinion*"); *Winfrey v. Chater*, 92 F.3d 1017, 1021-22 (10th Cir. 1996) (stating that an ALJ is not entitled to reject a doctor's opinions without adequate justification or to substitute his own medical judgment for that of mental health professionals).

The ALJ's reliance on normal examination findings in the medical record improperly discounts the other findings in the record that are significant and that lend support to the findings of the three medical providers in this case. As Plaintiff notes, the records document such things as tingling in the arms and legs, decreased sensation in some areas with increased sensitivity to touch, joint instability and weakness, swelling in hips, restriction in range of motion, cervical spine and hip tenderness, muscle spasm, limited back flexion and extension with pain, positive Tinel's and Phalen's signs, painful lumbar motion with no Waddell signs, and acute distress. *See, e.g.* AR 513-16, 535, 537, 540, 592, 596, 599-600, 637-38, 642, 727-29, 790-91, 984, 996, 1019, 1027, 1612, 1615, 1630, 1636, 1916, 1930. Further, the records document chronic back and hip pain that is aggravated by bending, moving, sitting, walking, and standing, with Plaintiff receiving injections, physical therapy, and a prescription for hydrocodone and fentanyl (among other medicines) for attempted pain relief which were generally noted to not be effective. *Id.* at 515 (10 out of 10 pain), 533, 568, 680, 594, 596, 599- 600, 604, 607, 623, 631, 637, 727, 916-18, 925, 929, 937, 950, 980, 983, 1003, 1015, 1020, 1026, 1620, 1629, 1635, 1638, 1651-57, 1915, 1932. The ALJ failed to properly assess the significance of Plaintiff's pain and the many unsuccessful efforts she took to mitigate it in assessing the RFC and in finding that the medical providers' opinions regarding substantial limitations were unsupported by the record. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (stating the

factors to be considered in assessing pain); SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016).

The ALJ's failure to properly consider the evidence in the record that provided support for Plaintiff's impairments is amply demonstrated in the ALJ's decision regarding the medical providers.  For example, the ALJ gave little weight to Dr. Moore's opinion and no weight to NP Gorman's physical RFC assessment on the basis of findings such as Plaintiff demonstrating normal gait or normal musculoskeletal examinations.  AR 21.  The ALJ may not, however, "'pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.'"  *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (quoting *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)).   While the Court may not reweigh the evidence, it must be assured "that the ALJ gave the relevant material due consideration." *Andersen v. Astrue*, 319 F. App'x 712, 721 (10th Cir. 2009).  That is not evident from the ALJ's decision in this case, which requires a remand.

Further, as to Plaintiff's hip, the Court finds error with the ALJ's conclusion at step two that the hip osteoarthritis was non-severe.  Case law "prescribes a very limited role for step two analysis."  *Lee v. Barnhart*, 117 F. App'x 674, 676-77 (10th Cir. 2004).  "While 'the mere presence of a condition or ailment' is not enough to get the claimant past step two, *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997), a claimant need only make a 'de minimus' showing of impairment to move on to further steps in the analysis."  *Id*. (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir.2004)).

The ALJ found that Plaintiff's hip osteoarthritis was not severe because "[i]n February 2019, . . . clinical imaging detected only mild bilateral hip osteoarthritis."  AR 16.

This is the most intensive discussion the ALJ included concerning Plaintiff's hip impairments, although he states that "the limitations that address the clamant's spinal impairments, with consideration to her obesity, will encompass any possible limitation that the claimant's mild hip osteoarthritis may be causing." *Id*. The ALJ failed to consider and assess relevant probative evidence that support the severity of the hip osteoarthritis, including the many findings in the records of hip pain and tenderness, swelling in the hips, restriction in range of motion, acute distress, and other findings as discussed previously. Further, as Plaintiff notes, an October 5, 2017 hip MRI showed "mild degenerative fraying/ tearing" of the anterior labrum in the right hip and "mild degenerative fraying" of the anterior labrum in the left hip (*id*. 966), while the February 20, 2019 hip MRI showed "Bilateral anterior superior focal intrasubstance tearing of the labrum of the hips" (*id*. 1794). *See Opening Brief* [#22] at 17-18. This imaging was not properly considered.[5] The hip issue appears to have evolved as Plaintiff contends, as evidenced by the fact that Plaintiff has continued to seek hip injections.   AR. 600, 997, 1014, 1619, 1630, 1932).  A remand is required for the ALJ to properly assess whether Plaintiff's hip osteoarthritis is a severe impairment at step two.  *Id*. 16.   This error is not harmless given the other errors found by the Court.

Further as to Plaintiff's lumbar issues, the ALJ appeared to dismiss the "moderately severe canal stenosis" because treatment remained unchanged, there was no further

---

[5] While the Commissioner argues that "[t]he scattered diagnostic imaging Plaintiff thinks the ALJ should have mentioned does not show she had greater limitations than the ALJ found[,]" this is an improper post hoc rationale of the Commissioner.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (holding that "a post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance . . . Judicial review is limited to the reasons stated in the ALJ's decision").

occupational therapy evaluation, there was some lack of clinical exam findings, and there was not a statement of functional limitations in clinical notes.  AR 21. However, the Court agrees with Plaintiff that the ALJ failed to consider other diagnostic imaging in the record indicating that Plaintiff's lumbar issues may have progressed.  *See Opening Brief* [#22] at 18.  Thus, on August 24, 2017, a lumbar spine MRI revealed "moderate to severe" spinal canal stenosis and "moderate" bilateral foraminal stenosis at L4-5.  AR 965.  A lumbar spine MRI on February 20, 2019 revealed "moderately severe" central canal stenosis at L4-L5 with "moderately severe" right-sided stenosis and a slightly lesser degree of left-sided stenosis.  *Id*. 1784.  The ALJ also failed to discuss an April 2019 nerve conduction study that revealed right and left sural sensory neuropathy, left peroneal neuropathy, right L5-S1 radiculopathy, and right and left carpal tunnel syndrome.  AR 1665.

Although the ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  The record here does not demonstrate that.  Instead, it demonstrates that the ALJ selectively picked and chose the evidence to support his RFC finding, and ignored probative evidence that lent support to the medical opinions.  Accordingly, the ALJ's decision as to the weighing of the evidence is not supported by substantial evidence.  This error was material because if limited to sedentary work, Plaintiff is deemed disabled as of her fiftieth birthday.  *See* 20 C.F.R. Part 404, Subpart P, App'x 2, §201.14.

**B.     The ALJ's Assessment of Plaintiff's Subjective Reports**

The Court also finds error in connection with the ALJ's assessment of Plaintiff's subjective reports  When considering a claimant's subjective symptoms, the ALJ must

determine whether the claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and the other evidence of record."  See Social Security Ruling ("SSR") 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2017 WL 5180304, at *7 (Oct. 25, 2017).  If the statements are inconsistent with the evidence, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id*.  Here, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 19.

The ALJ found that Plaintiff's statements were "inconsistent because the medical evidence of record does not support the general loss in functioning."  AR 19.  However, this is error given the fact that the ALJ did not reasonably assess the probative medical evidence.  As the Tenth Circuit has noted, "[s]ince the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."  *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009).[6]

Moreover, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  Here, the ALJ also noted in finding that Plaintiff's

---

[6] The Court recognizes that the agency no longer uses the term "credibility".  *Kellams v. Berryhill*, 696 F. App'x 909, 917 n. 4 (10th Cir. 2017) (citing SSR 16-3p, 2016 WL 1119029, at *1).  However, the cases describing the credibility analysis are instructive.

statements were not entirely consistent that she "is responsible for the care of her husband following a stroke in September 2018[,]" "she does housework and chores as long as she is not in a lot of pain[,]" "she goes out three to four times a day, and shops every couple of weeks using push and electric carts[,]" and is "very independent in self-care." *Id.* at 19, 21. However, the ALJ again was selective in his discussion of the evidence. For example, as to care giving, Plaintiff testified that her husband could rise and move on his own; that he was not discharged until he was fairly self-sufficient, and she tended to him by preparing meals and ensuring he took medications. *Id*. at 38-39. Plaintiff further testified that she did very little housecleaning because her space was so small, and about ten minutes was all she could take. *Id.* 53. The ALJ should ensure on remand that the evidence is not selectively applied and that his findings are supported by substantial evidence.

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.[7]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). *See Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

---

[7] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall **enter** judgment in favor of Plaintiff and **close** this case.

Dated: March 21, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge